## McFillin's Estate.

*Executors and administrators—Removal of executor—Refusal to collect judgment.*

Where an executor dying in 1873 directs by his will that a judgment which he owned should not be enforced as long as the widow of the defendant in the judgment pays the interest, and further directs that a legacy shall be paid out of the proceeds of the judgment, and the widow lives until 1917, without the judgment having been revived or collected, and thereafter the executor named in the will of the testator refuses to collect the judgment, he may be removed as executor at the instance of the legatee.

Argued Nov. 21, 1917.    Appeal, No. 217, Oct. T., 1917, by Sylvester Woodland, Executor of John McFillin, deceased, from decree of O. C. Chester Co., removing him as executor of the estate of John McFillin, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Petition to remove executor.

HAUSE, J., filed the following opinion:

John McFillin died testate March 31, 1873, and letters testamentary were granted, on April 29, 1873, to Sylvester Woodland, the executor named.    He is still living.

Among the assets of the estate unadministered is a judgment entered August 2, 1872, in favor of McFillin against the administrator of Christian Woodland, deceased, for $800.    This judgment has never been revived. When Christian Woodland died the title to his real estate vested in his widow and children of whom Sylvester Woodland, McFillin's executor, is one and Mary Pinkerton another.

In his will, McFillin refers to the fact that he holds an obligation against the estate of Christian Woodland, deceased, and states that Woodland's widow occupies her deceased husband's land and he then provides that so long as the widow pays the annual interest on the ob-

ligation, the debt shall not be cancelled "but should she elect to sell or dispose of the real estate, then whatever may be due on the obligation is to be paid" to the executor of his estate and distributed as follows: "Two hundred dollars to Bibiana Woodland; three hundred dollars to Sallie Woodland and two hundred dollars to Sarah Large." Following this provision, he says that if his "Estate is not sufficient to pay these legacies in full, they shall pro rate." The residue of his estate he gave to Sylvester Woodland.

The widow Woodland died in February, 1917, in the occupancy of her deceased husband's land, and shortly after her death, Bibiana Woodland, as a use-plaintiff, sought to revive the $800 judgment and proceed to its collection for the purpose of securing payment of her $200 legacy under the McFillin will. Upon an application, at the instance of Mary Pinkerton, to require counsel to file his warrant authorizing the proceeding on the judgment, we held, in an opinion filed, that as the judgment had not been assigned nor specifically bequeathed to Bibiana Woodland and inasmuch as the executor of McFillin had not authorized the effort to revive, the proceedings must stay. We suggested, however, that this legatee was entitled to have appropriate steps promptly taken by the executor looking toward the collection of the judgment and the distribution of the fund. The executor has failed to move and we now have a petition, by the legatee, to vacate the letters heretofore granted to him by the register. To this petition he both demurs and answers. The objections raised by the demurrer and which we need notice are:

1. Because letters testamentary were granted in 1873, the law presumes that the estate was long since settled;

2. Because the remedy is against the executor personally for failing to have settled his account within one year after decedent's death;

3. Because petitioner has forfeited her right to recover by her own laches.

258        McFILLIN'S ESTATE.

These objections are without merit. The Woodland judgment passed to the executor as an asset of the estate. It was his duty to see to its revival. When the widow Woodland died, the legatee's right to payment of her legacy out of this asset arose. Whether she could now have recourse to any other of the estate's assets for the payment of her legacy, we need not determine. From the date of McFillin's death to the date of the widow Woodland's death, this legatee's hands were tied as respects this judgment which, although not specifically bequeathed to her, was designated as a source from which her legacy should be paid. Nor, in view of the provisions of the will, could the executor have enforced payment so long as the widow paid the annual interest. If she failed, that was a matter of which the law required him to be cognizant and it was his duty then to take steps to collect the judgment; if collectible, and produce the fund for distribution as the testator directed. If the executor has failed in his duty, he may be personally responsible to the petitioner, but this responsibility cannot be interposed as an answer to what seems to us his plain duty now—the proper time having only arrived— to proceed to collect this asset and account for it.

By way of answer, the executor further says, in substance: That when McFillin died, there was nothing due on the judgment; that the judgment has lost its lien on the land as against the Woodland heirs and cannot now be revived; that petitioner is guilty of laches in not pressing her claim and that no assets ever came to his hands for administration.

If, as he answers, there was nothing due on the judgment when McFillin died and if the judgment has now lost its lien and cannot be revived, these are matters proper by way of defense to a scire facias when issued at the instance of a proper person. As that person is a personal representative of the deceased testator and as the respondent, as such representative, declines to perform what we regard as his plain duty in the premises.

256, (1918).] Opinion of Court below—Opinion of the Court.

and assumes a plainly hostile attitude toward the petitioner, the petitioner is entitled to relief.

The letters testamentary heretofore granted by the register of wills to Sylvester Woodland upon the estate of John McFillin, deceased, are, therefore, vacated and the register is directed to grant to the proper person letters of administration de bonis non cum testamento annexo.

*Error assigned* was the decree of the court.

*John F. Gorman,* with him *Howard Troutman, Leo J. Gorman* and *William Gorman,* for appellant.—Petitioner is not a "party interested" such as the Act of March 29, 1832, P. L. 196, Section 27, contemplates: Stephenson's Est., 256 Pa. 487.

Petitioner, if Sylvester Woodland were residing in the State to-day, could not compel him to file an account without both showing why she waited forty-four years before asking for it and thus excusing her laches in this respect and also without overcoming the presumption of payment which arises in favor of the executor after twenty years: Norris's App., 71 Pa. 106; Dehaven's Est., 25 Pa. Superior Ct. 507; Foulk v. Brown, 2 Watts 209; Bull v. Towson, 4 W. & S. 557; Bickel's App., 86 Pa. 204; Irwin v. Cooper, 92 Pa. 298; Neely's App., 85 Pa. 387; McKnight v. Taylor, 1 How. 168.

Presumption of payment has arisen in this case against the petitioner: Groff's App., 45 Pa. 379; Bentley's Est., 9 Philadelphia 344; Barnhart v. Barnhart, 22 Pa. Superior Ct. 206; Gregorys v. Com., 121 Pa. 611.

This petitioner has no standing at this time to demand an accounting: Henry's Est., 198 Pa. 382.

*T. W. Pierce,* for appellee, filed no printed brief.

PER CURIAM, March 2, 1918:

The decree in this case is affirmed for the reasons stated in the opinion filed in the court below.